IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LEE BUMPERS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 05-577 |
| | § | |
| HARRIS COUNTY, TEXAS, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Pending before the Court is Defendant Harris County's Motion for Summary Judgment (Instrument No. 22).  Having considered the motion, submissions, and applicable law, the Court determines the motion should be granted in part.

## BACKGROUND

Plaintiff Lee Bumpers ("Bumpers") brings this discrimination action against Defendant Harris County, Texas ("Harris County") pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII").  Bumpers, an African American male, has been employed with the Harris County Sheriff's Department ("Department") since 1991. He began his career with the Department as a jailer, and was sworn in as a deputy in 1993.  In 1998, Bumpers was selected for Cops Ahead, a federally-funded program designed to strengthen the Department's relationship within the community, and was assigned to the Department's District III, a 269-mile area located generally in the

eastern and southeastern parts of Harris County. The Department moved Bumpers from a storefront location to its substation on Wallisville Road in Houston, Texas, where he was assigned to manage the evidence locker and perform office duties. The Department contends the transfer was the result of Bumpers's repeated disappearances throughout the work day. On March 31, 2000, the Department suspended Bumpers for one day without pay and transferred him to the jail division.[1] Bumpers appealed the suspension to the Civil Service Commission ("Commission"). On August 3, 2000, the Commission overturned Bumpers's suspension and transfer after determining there was insufficient evidence to substantiate the allegations. Four days later, Bumpers requested in writing that he not be transferred back to District III. Thus, the Commission modified its decision, ordering that Bumpers be transferred to a comparable position within the Cops Ahead program. The Department transferred him to District IV, located at the opposite end of Harris County.

On September 27, 2000, Bumpers filed a discrimination charge with the Equal Employment Opportunity Commission ("EEOC"), alleging he had been subjected to a hostile work environment and retaliated against for complaining of race discrimination. On July 24, 2001, the EEOC issued its determination that Bumpers had

---

[1] Both parties dispute Bumpers's performance leading up to the suspension. The Department avers that the suspension was based on co-worker complaints and Bumpers's alleged mishandling of evidence. Bumpers denies the allegations.

been subjected to a hostile work environment and retaliation.[2]  Bumpers was issued a

right to sue letter on November 30, 2004, and filed the instant action on February 22,

2005, alleging hostile work environment and retaliation based on his race.  Harris

County moved for summary judgment, arguing Bumpers cannot demonstrate that the

conduct of which he complains was based on race or altered the terms, conditions and

privileges of his employment.[3]  Harris County also contends Bumpers cannot

demonstrate a prima facie case of retaliation.

## STANDARD OF REVIEW

Summary judgment is proper when "there is no genuine issue as to any material

fact and . . . the moving party is entitled to a judgment as a matter of law."  FED. R.

CIV. P. 56(c).  The court must view the evidence in a light most favorable to the non-

movant.  *Coleman v. Houston Indep. Sch. Dist.*, 113 F.3d 528, 533 (5th Cir. 1997).

Initially, the movant bears the burden of presenting the basis for the motion and the

elements of the causes of action upon which the non-movant will be unable to establish

---

[2]  Any determinations by the EEOC are not binding on a district court; rather "civil litigation at the district court level clearly takes on the character of a trial de novo, completely separate from the actions of the EEOC."  *Smith v. Universal Servs., Inc.*, 454 F.2d 154, 157 (5th Cir. 1972).

[3]  The County also seeks summary judgment on a disparate treatment claim. However, Bumpers states he does not assert such a claim.  Therefore, the Court grants summary judgment as to any claim for disparate treatment based on race.

3

a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The burden then shifts to the non-movant to come "forward with 'specific facts showing that there is a genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986) (quoting FED. R. CIV. P. 56(e)).  It is not the function of the court to search the record on the non-movant's behalf for evidence which may raise a fact issue. *Topalian v. Ehrman*, 954 F.2d 1125, 1137 n.30 (5th Cir. 1992).

"A dispute about a material fact is 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993) (citation omitted).  The non-movant's bare assertions, standing alone, are insufficient to create a material issue of fact and defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).  Conclusory allegations unsupported by specific facts will not prevent an award of summary judgment; the plaintiff cannot rest on his allegations to get to a jury without any significant probative evidence tending to support the complaint.  *Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd. of San Antonio*, 40 F.3d 698, 713 (5th Cir. 1994).   Thus, the non-movant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, metaphysical doubt as to the facts, or a scintilla of evidence. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998).

4

LAW AND ANALYSIS

I. Retaliation

Title VII prohibits an employer's retaliation against an employee who brings a charge under the Act.  *See* 42 U.S.C. § 2000e-3(a) (2000).  Claims of retaliation that are based on circumstantial evidence are evaluated under the tripartite burden-shifting framework pronounced in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-05 (1973).[4]  *See Chaney v. New Orleans Pub. Facility Mgmt., Inc.*, 179 F.3d 164, 167 (5th Cir. 1999); *Long v. Eastfield Coll.*, 88 F.3d 300, 304-05 (5th Cir. 1996).  Under this framework, Bumpers must first demonstrate a prima facie case of retaliation.  *See Long*, 88 F.3d at 304-05.  In the event he shows a prima facie case, a presumption of discrimination arises, and the burden shifts to Harris County to articulate a legitimate, non-discriminatory reason for its actions.[5]  *See id.* at 305.  If Harris County is able to meet this burden of production, the presumption disappears, and the burden shifts back to Bumpers to show that the reason offered by Harris County was a pretext for discrimination.  *See id.*

        In order to establish a prima facie case of retaliation, Bumpers must demonstrate

---

[4]  Bumpers's allegations are properly characterized as circumstantial because inferences must be made in order to connect them to unlawful discrimination.

[5]  The Court notes that the burden of persuasion rests at all times on the plaintiff in a discrimination suit.  *See Lindsey v. Prive Corp.*, 987 F.2d 324, 326 (5th Cir. 1993).

5

that (1) he was engaged in an activity protected by Title VII; (2) he suffered an adverse employment action, and (3) a causal connection existed between his participation in the activity and the adverse employment action. *See Raggs v. Miss. Power & Light Co.*, 278 F.3d 463, 471 (5th Cir. 2002); *Walker v. Thompson*, 214 F.3d 615, 628-29 (5th Cir. 2000). Harris County challenges Bumpers's ability to show the second and third elements of his retaliation claim, that he suffered an adverse employment action and that a causal connection existed between his participation in the activity and any adverse employment action. In response, Bumpers ostensibly argues that he had complained to his supervisors in the Department that he was being subjected to a racially hostile work environment, which constitutes protected activity. Further, Bumpers avers that as a result of his complaints, he was suspended for one day without pay and transferred to the jail division.[6] Because the parties apparently agree that

---

[6] Bumpers also complains of his transfer to District IV, which occurred following his request to transfer out of District III. He alleges the transfer to the district farthest from his home was in retaliation to his complaints of discrimination. However, the Court notes that this lateral transfer, which did not involve any sort of demotion, does not rise to the level of an actionable employment decision. *See Burger v. Cent. Apartment Mgmt., Inc.*, 168 F.3d 875, 879 (5th Cir. 1999). Also falling short of actionable employment decisions are Bumpers's lateral transfer to the jail division for one day, a change in work hours and negative performance evaluations because they are, at most, "tangential" to future decisions that might be ultimate employment actions. *Mattern v. Eastman Kodak Co.*, 104 F.3d 702, 708 (5th Cir. 1997); *see, e.g., Coyle v. Snow*, No.Civ.A. H-04-0244, 2006 WL 696652, at *6-7 (S.D. Tex. March 20, 2006) (listing a host of employer actions that do not amount to ultimate employment decisions); *Overton v. City of Arlington*, No. 403CV516Y, 2004 WL 1923902, at *4 (N.D. Tex. Aug. 22, 2004) (finding that an internal affairs investigation that culminated in a written reprimand was not an adverse

Bumpers had engaged in protected activity, the Court concludes he is able to establish the first element.[7] Thus, the Court will focus on whether Bumpers can establish the second and third elements of a prima facie case of retaliation.

With respect to the second element, whether Bumpers suffered an adverse employment decision, the law is well settled that "Title VII was designed to address ultimate employment decisions, not to address every decision made by employers that arguably might have some tangential effect upon those ultimate decisions" or any interlocutory or mediate decisions that may eventually lead to an ultimate employment decision. *See Mattern*, 104 F.3d at 707-08 (quoting *Dollis v. Rubin*, 77 F.3d 777, 781-82 (5th Cir. 1995). Thus, a plaintiff must show he or she suffered an "ultimate employment decision," which includes acts "such as hiring, granting leave, discharging, promoting, and compensating." *Dollis*, 77 F.3d at 782. Harris County argues that neither Bumpers's one-day suspension, which was later overturned, nor the fact that the Department denied him permission to pursue an off-duty security position

---

employment decision "because, although evidently an unpleasant experience for [the plaintiff], it was not an event that significantly changed his employment status").

[7] The Court rejects Harris County's argument that Bumpers's retaliation claim is barred by the statute of limitations for Title VII causes of action. *See Messer v. Meno*, 130 F.3d 130, 134 (5th Cir. 1997), *cert. denied*, 525 U.S. 1067 (1999); *Hamilton v. Houston Indep. Sch. Dist.*, No. Civ.A. H-05-0480, 2006 WL 148904, at *3 (S. D. Tex. Jan. 18, 2006).

7

constituted adverse employment decisions actionable under Title VII.  In response, Bumpers appears to argue that his one-day suspension without pay and the fact that he was not allowed to pursue off-duty security work, constituted adverse employment actions.

According to Harris County, Bumpers was suspended for failing to properly secure and handle the Department's evidence.  Bumpers challenged the action in writing within the Department, and after hearing his side of the story, the Department removed one allegation of his alleged misconduct from his file.  Then, Bumpers successfully appealed the suspension, which was overturned, and the Department was ordered to reimburse him for one day's pay.  There is no evidence Bumpers was treated unfairly at any stage of the Department's disciplinary process or that he lost wages, benefits or an opportunity for promotion as a result of this temporary suspension.  *See Denner v. Texas Dep't of Criminal Justice*, No. SA-05-CA-184-XR, 2006 WL 496014, at *6 (W.D. Tex. Jan. 16, 2006); *United States v. Matagorda County*, 181 F. Supp. 2d 673, 681 (S.D. Tex. 2002); *see generally Castenada v. Univ. of Texas at San Antonio*, No. CIVASA01CA0590OG(NN), 2003 WL 1797954, at *11 (W.D. Tex. March 3, 2003) (finding no discriminatory animus where a plaintiff successfully appealed her suspension, then the employer repeatedly warned and met with the employee to discuss work performance issues before terminating her).  Moreover, the

suspension's "economic impact" on Bumpers was slight, and his one-day suspension without pay is more appropriately classified as "a discrete, interim disciplinary measure" than an ultimate employment action. *Carroll v. City of Dallas*, No. Civ.3:04CV2640-H, 2005 WL 3543347, at *4 (N.D. Tex. Dec. 28, 2005). Therefore, the Court concludes the temporary suspension was interlocutory and not an ultimate employment action as required under Title VII.

As part of his suspension, the Department also informed Bumpers that he was on probation from April 3, 2000 through October 1, 2000. Therefore, Bumpers was not permitted to work extra employment in a security guard capacity during that time frame. Accordingly, Bumpers avers the probation constituted an adverse employment action because he experienced a "loss in pay." Bumpers submits a copy of a security position for which he sought permission from the Department on October 3, 2000, two days *after* his probationary period ended.

The Court notes, however, that Bumpers is unable to specify any extra security jobs he lost as a result of the probation, and readily concedes that the Department does not guarantee that its officers will be granted permission for off-duty security work. Moreover, Bumpers's argument that a loss of pay is a tangible employment loss and his reliance on *Fierros v. Texas Dep't of Health*, 274 F.3d 187 (5th Cir. 2001) is misplaced. In that case, the United States Court of Appeals for the Fifth Circuit

decided a denial of a merit pay increase constituted an adverse employment action and held that a loss of pay might be actionable. *Id.* at 194. The case at bar is distinguishable. Bumpers did not forego a merit increase or a raise within the Department because of his suspension or probation. Moreover, he concedes that he has no automatic right to a security job and that a security position was the only outside employment from which he was precluded. Accordingly, the Court concludes Bumpers has failed to show any evidence indicating his suspension affected his compensation, benefits or level of responsibility in his position *as a sheriff's deputy*. *See generally Matagorda County*, 181 F. Supp. 2d at 681. Bumpers has not demonstrated he suffered an adverse employment action that constituted an ultimate employment decision, and cannot make a prima facie case of retaliation.

Even were the Court to find an ultimate employment decision had occurred, Bumpers must be able to demonstrate that a causal connection existed between his complaints of discrimination and the adverse employment action. To prove a causal connection, Bumpers must demonstrate that his opposition to the unlawful activity was a motivating or determining factor in Harris County's decision to suspend him. *Walker*, 214 F.3d at 629 (discussing the elements of retaliation). An employee need not establish that his or her protected activity was the sole motivating factor in the adverse employment action, but must demonstrate that he or she would not have been subjected

to it but for the protected activity. *Jack v. Texaco Research Ctr.*, 743 F.2d 1129, 1131 (5th Cir. 1984). "A 'causal link' is established when the evidence demonstrates that 'the employer's [adverse] decision . . . was based in part on knowledge of the employee's protected activity.'" *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 684 (5th Cir. 2001) (quoting *Sherrod v. Am. Airlines, Inc.*, 132 F.3d 1112, 1122 (5th Cir. 1998)).

　　　In the case at bar, Bumpers is unable to provide evidence to demonstrate that he would not have been subject to the suspension but for Bumpers's complaints of discrimination. *See Jack*, 743 F.2d at 1131. To the contrary, the evidence before the Court indicates Bumpers's suspension was based on his supervisor's reasonable beliefs that Bumpers was not properly performing his job duties, including ensuring that evidence was stored in a secure location. Moreover, there is no evidence before the Court that Major George Sturgis suspended Bumpers because of his complaints of race discrimination or even that the timing of suspension was in any way tied to a specific complaint. Thus, Bumpers cannot show the causal connection between his complaints and his suspension, and cannot establish the third element of a prima facie case of retaliation. Therefore, Bumpers's retaliation cause of action fails as a matter of law.

11

II.  Hostile Work Environment

With respect to Bumpers's hostile work environment claim, the Court determines that genuine issues of material fact preclude summary judgment.  Consequently, summary judgment is denied at this time with respect to Bumpers's hostile work environment claim.  Accordingly, the Court hereby

ORDERS that Defendant Harris County's Motion for Summary Judgment (Instrument No. 22) is GRANTED IN PART and DENIED IN PART.  Summary judgment is granted with respect to Bumpers's retaliation claim.  Summary judgment is denied as to Bumpers's claim for hostile work environment, which will proceed to trial.

SIGNED at Houston, Texas, on this 19th day of April, 2006.

_____
DAVID HITTNER
United States District Judge